UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIV: 19 - 3008 |
| Plaintiff, | |
| | **COMPLAINT** |
| vs. | |
| DENISE CASILLAS, | |
| Defendant. | |

COMES NOW the United States of America, by and through United States Attorney Ronald A. Parsons, Jr., and Assistant United States Attorney Cheryl Schrempp DuPris, hereby make the following complaint.

**JURISDICTION AND VENUE**

1.     This is an action by the United States to recover a debt associated with the use and possession of property of the federal government, specifically rent owed under contract and in equity for the occupancy of federal housing.

2.     This Court has jurisdiction under 28 U.S.C. § 1345 because the United States of America is the Plaintiff.

3.     Where the jurisdiction of the district court is predicated on a statute granting district courts original jurisdiction in civil actions commenced by the United States, the law of the state in which the land is located governs the controversy.   The property at issue is located in South Dakota.

1

## FACTUAL BACKGROUND

4.      The Indian Health Service (IHS) is an agency of the United States Government, Department of Health and Human Services (HHS).

5.      In 2005, HHS entered into a lease to a parcel of real property located in Ziebach County, near Eagle Butte, South Dakota.   Exhibit (Ex) 1. Pursuant to the lease, buildings and improvements placed upon the land remain the property of the United States Government.   *Id.*   The HHS constructed the Cheyenne River Health Center (CRHC) on a portion of the leased land.

6.      In 2008, the lease was amended to include additional acres for the construction of housing quarters necessary to ensure adequate staff for the new hospital.   Ex 2.   All other conditions of the lease remained in effect.

7.      When available, individuals working for HHS or duty stationed at CRHC may apply to reside in HHS housing units constructed on the leased property.   Rents collected are deposited in a special fund for the maintenance and operation of the quarters.   Upon expiration of employment at the CRHC facility, occupancy of HHS housing units must end.   Additional costs (rental rates at the non-federal daily rate) accrue until the property is vacated.

8.      In November 2012, Defendant, Denise Casillas (Casillas) was employed by the Cheyenne River Sioux Tribe (CRST) with a duty station at CRHC, so she applied for federal government quarters.

9.      On November 21, 2012, Casillas entered into a Quarters Assignment and Acceptance Agreement (lease) for Unit 192 and agreed to pay rent bi-weekly through salary deductions.   Her occupancy began on December 2, 2012.   Ex 3.

10. Each year that Casillas occupied Unit 192, rental rates were reviewed and she signed a new lease. Declaration of Kyle Ward (Ward Declar.), ¶ 2.

11. In 2016, Casillas was to pay rent of $300.53 biweekly. She made one rent payment in 2016. Ward Declar., Attachment.

12. Casillas was terminated from employment on February 16, 2016. On March 22, 2016, Casillas was given a 30-day written notice to vacate Unit 192 by April 21, 2016. Ex 4. The notice was hand-delivered to Casillas. *Id.*

13. Casillas failed to vacate and failed to pay any rent between February 14, 2016, and June 18, 2016. Due to her employment status, additional costs accrued (rental rates at the non-federal daily rate). Ward Declar., Attachment.

14. A rent payment was made in June 2016, but it did not fully cure Casillas' default and Casillas failed to pay rent after the June payment. *Id.*

15. On August 1, 2016, Casillas was again given written notice to vacate. Ex 5. The notice was hand-delivered to Casillas. *Id.*

16. Casillas failed to pay rent between July 2, 2016, and April 8, 2017. Ward Declar., Attachment.

17. In February 2017, Casillas was re-hired by the CRST Tribal Health Department. Ex 6. Because she was stationed at the CRHC, she was eligible for federal housing, and given an opportunity to make extra payments to cure her default.

18. In 2017, Casillas was to pay rent of $342.73 biweekly. Ward Declar, Attachment.

19. Casillas paid $342.73 biweekly between April 9, 2017 and December

3

30, 2017, but failed to make any extra payments on the accrued back rent. *Id.*

20.    On August 4, 2017, Casillas was given a 30-day written notice to vacate Unit 192 by September 5, 2017, because of a housing policy violation. Ex 7.

21.    On October 19, 2017, Casillas was given written notice of past due rents and fees totaling $10,953.71 for the period of time of February 14, 2016 to April 8, 2017, and given an opportunity to make payments.   Ex 8.

22.    On January 24, 2018, Casillas entered into a 2018 lease whereby she agreed to pay rent biweekly through salary deductions.   Ex 9.

23.    On April 26, 2018, Casillas was given written notice of her failure to make payments on back rent owed from January 31, 2016, to October 7, 2017, totaling $10,953.71, and she was given 30 days to make payment.   Ex 10. The notice was hand-delivered to Casillas. *Id.*

24.    By May 2018, Casillas stopped making rent payments all together. Ward Declar., Attachment.

25.    On August 2, 2018, Casillas was personally served with a thirty (30) day notice to vacate and termination of the lease due to failure to pay rent for May, June and July 2018, to pay back rent owed for 2016 and 2017 ($10,953.71), and for violations of housing policies.   Ex 11.

26.    On August 29, 2018, Casillas was given final written notice to vacate and pay the back rent owed, by certified mail.   Ex 12.

27.    On September 11, 2018, Casillas was personally served by the United States Marshal with a written NOTICE TO QUIT AND VACATE, which gave

Defendants seven (7) days to exit the property. Ex 13.

28.     On September 22, 2018, Casillas vacated Unit 192 and provided a forwarding address, but failed to pay rent owed between February 2016 and September 22, 2018, totaling $16,675.04.   Declaration of Kyle Ward.

29.     On October 30, 2018, Casillas was given final written notice to cure the default and pay the back rent owed.   Ex 14.

30.     Casillas has failed to pay back rent owed.

## COUNT I: BREACH OF CONTRACT

31.     The preceding paragraphs are incorporated herein by reference.

32.     The United States had a valid agreement with Casillas to lease government quarters so long as she was stationed at the CRHC, made timely and full rental payments, and did not violate housing policies.

33.     Casillas breached the agreement by failing to make timely and full payment of the rent. Even after given multiple opportunities to bring her rent current, Casillas failed to do so.

34.     Casillas continued to use, possess, and occupy the subject property despite written notice to vacate and the termination of her lease.

35.     HHS/IHS is damaged because the unauthorized use and possession by Casillas without payment of rent deprived IHS of the exclusive use and benefit of the property, including rents and profits therefrom.

36.     As a result of Casillas' breach, IHS incurred economic damages for unpaid back rent, for the loss of use, and rental income resulting from the holding over of Casillas after the termination of the lease.

## COUNT II: UNJUST ENRICHMENT

37.    The preceding paragraphs are incorporated herein by reference.

38.    Casillas received the benefit of occupying federal quarters for months without payment of rent for their use and occupancy.

39.    IHS did not give Defendants permission to stay in the federal quarters rent-free.

40.    IHS has a waiting list for federal housing, and has, due to defendant's hold-over, lost an available unit that could have provided housing to another employee and generate rental income.

41.    Casillas has been unjustly enriched to the detriment of the United States, and in good conscience, she should not be allowed to retain the benefit of that unjust enrichment.

## CLAIMS FOR RELIF

The United States seeks judgment and the following relief:

1.    A money judgment against the Denise Casillas for back rent owed during her occupancy of Unit 192, in accordance with the lease (Quarters Assignment and Acceptance Agreement);

2.    For double damages pursuant to S.D.C.L. § 21-3-8 for holding over after notice to quit has been duly given;

3.    Pre-judgment interest as permitted by S.D.C.L. § 21-1-13.1 and S.D.C.L. § 54-3-16; and

4.    An award of attorneys' fees as permitted by S.D.C.L. § 21-16-11.

6

Dated this ___5___ day of ~~March~~ April, 2019.

RONALD A. PARSONS, JR.
United States Attorney

*Cheryl A. Dupris*

Cheryl Schrempp Dupris
Assistant United States Attorney
P.O. Box 7240
Pierre, South Dakota 57501-7240
Phone: (605) 224-5402
Fax: (605) 224-8305
E-mail: cheryl.dupris@usdoj.gov

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

19-3008

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**DEFENDANTS**

DENISE CASILLAS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **DEWEY**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Cheryl Schrempp DuPris, Assistant United States Attorney, P.O. Box 7240, 225 South Pierre Street, Pierre, S.D., (605) 224-5402

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
SDCL 21-16-1

Brief description of cause:
Breach of contract action to recover past due rent.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
16,675.04

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE  4/5/19

SIGNATURE OF ATTORNEY OF RECORD  *Cheryl Schrempp DuPris*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**340    33953**

# U. S. DEPARTMENT OF THE INTERIOR

## BUREAU OF INDIAN AFFAIRS

## Business LEASE

Bond & Fee Waived

Allotment No. T-8897

BIA Lease No. 819  (05-45)

__Cheyenne River__ Indian Agency

HHS Lease No. HHS-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

THIS CONTRACT, made and entered into the __First__ day of ___June___, A.D. 2005, by and between the Indian or Indians named below (the Secretary of the Interior acting for and on behalf of the Indians) hereinafter called the "lessor," and the

__United States of America, Department of Health and Human Services, Public Health·Service, for the use of the Aberdeen Area Office, Indian Health Service__ of __Aberdeen, South Dakota__ ,

hereinafter called the "lessee" in accordance with the provisions of existing law and the regulations (25 CFR 162) which by reference are made a part hereof.

WITNESSETH, That for and in consideration of the rents covenants, and agreements hereinafter provided, the lessor hereby lets and leases unto the lessee the land and premises described as follows, to wit:

A parcel of land located within the NW1/4NE1/4, W1/2NE1/4NE1/4,N1/2NW1/4SW1/4NE1/4, and W1/2SE1/4NE1/4 Section 19, Township 12 North, Range 24 East, of the Black Hills Meridian, Ziebach County, South Dakota, and more particularly depicted in Exhibit 1.

Said tract of land containing __87__ acres, more or less, for the term of __twenty (20)__ years beginning of on the 1st day of June, __2005__ with concurring option to renew for an additional 20 years,

to be used only for the following purposes: __the provision of Health Care and Ancillary Services.__

The lessee, in consideration of the foregoing, covenants and agrees, as rental for the land and premises to pay:

__One-dollar ($1.00) per year, for the full term of lease, to the Superintendent, Cheyenne River Agency, Bureau of Indian Affairs for the benefit of the tribe.__

__This lease is hereby renewed for an additional term of Twenty (20) years, unless the lessee shall give written notice of termination to the lessor and the Secretary of the Interior or his duly authorized representative, delegate, or successor, at least three (3) months before the expiration of the original term.__

In the event of the death of any of the owners to whom, under the terms of this lease, rentals are to be paid direct, all rentals remaining due and payable shall be paid to the official of the Bureau of Indian Affairs having jurisdiction over the leased premises. This provision is applicable only while the leased premises are in trust or restricted status.

While the leased premises are in trust or restricted status, the Secretary may in his discretion, and upon notice to the lessee, suspend the direct rental payment provisions of this lease in which event the rentals shall be paid to the official of the Bureau of Indian Affairs having jurisdiction over the leased premises.

Page 1  of 3

340   33953

This lease is subject to the following provisions:

1. "SECRETARY" as used herein means the Secretary of the Interior or his authorized representative.

2. IMPROVEMENTS.-Unless otherwise provided herein it is understood and agreed that any buildings or other improvements placed upon the said land by the lessee becomes the property of the lessor upon termination or expiration of this lease.

3. UNLAWFUL CONDUCT.-The lessee agrees that he will not use or cause to be used any part of said premises for any unlawful conduct or purpose.

4. SUBLEASES AND ASSIGNMENTS.-Unless otherwise provided herein, a sublease, assignment or amendment of this lease may be made only with the approval of the Secretary and the written consent of all parties to this lease, including the surety or sureties.

5. INTEREST.-It is understood and agreed between the parties hereto that, if any installment of rental is not paid within 30 days after becoming due, interest at the rate of 4 percent per annum will become due and payable from the date such rental became due and will run until said rental is paid.

6. RELINQUISHMENT OF SUPERVISION BY THE SECRETARY.-Nothing contained in this lease shall operate to delay or prevent a termination of Federal trust responsibilities with respect to the land by the issuance of a fee patent or otherwise during the terms of the lease; however, such termination shall not serve to _ebrogate the lease. The owners of the land and the lessee and his surety or sureties shall be notified by the Secretary of any such change in the status of the land.

7. RENTAL ADJUSTMENT.-The rental provisions in the leases which are granted for a term of more than five years and which are not based primarily on percentages of income produced by the land shall be subject to review and adjustment by the Secretary at not less than five year intervals in accordance with the regulation in 25 CFR 162. Such review shall give consideration to the economic and conditions at the time, exclusive of improvement or development required by this contract or the contribution value of such improvements.

8. INTEREST OF MEMBER OF CONGRESS.-No Member of, or Delegate to, Congress or Resident Commissioner shall be admitted to any share or part of this contract or to any benefit that may arise herefrom, but this provision shall not be construed to extend to this contract if made with a corporation or company for its general benefit.

9. VIOLATIONS OF LEASE.-It is understood and agreed that violations of this lease shall be acted upon in accordance with the regulations in 25 CFR 162.

10. ASSENT NOT WAIVE OF FUTURE BREACH OF COVENANTS.-No assent, express or implied, to any breach of any of the lessee's covenants, shall be deemed to be a waiver of any succeeding breach of any covenants.

11. UPON WHOM BINDING.-It is understood and agreed that the covenants and agreements hereinbefore mentioned shall extend to and be binding upon the heirs, assigns, successors, executors, and administrators of the parties to this lease. While the leased premises are in trust or restricted status, all of the lessee's obligations, under this lease, and the obligations of its sureties, are to the United States as well as to the owner of the land.

12. APPROVAL.-It is further understood and agreed between the parties hereto that this lease shall be valid and binding only after approval by the Secretary.

13. ADDITIONS.-Prior to execution of this lease, provision(s) number(s)

Exhibit No. 1, Legal Description, Exhibit No. 2, Environmental Assessment for Project AB4CR139C7 and Exhibit No. 3, Tribal Resolutions No. E-48-05-CR and 167-05-CR   have been added hereto and by reference are made a part hereto.

14. SUBLEASING.-It is further understood and agreed that subleases may be entered into only with the consent of the lessor and the approval of the Secretary. Each sublease shall provide that each sublessee shall be subject to and bound by each and all of the conditions of this lease and no such subletting shall affect any of the obligations or liabilities of the lessee hereunder.

15. CONSTRUCTION, MAINTENANCE, REPAIR, ALTERATION. - All Buildings and improvements made under the terms of this lease shall be constructed in a good and workmanlike manner and in all respects in compliance with applicable laws and building codes. The lessee shall, at all times during the term of this lease and at the lessee's sole cost and expense, keep and maintain all buildings, structures, and other improvements erected and placed on the leased premises in good

Page 2  of 3

CASILLAS EXHIBIT 1

340   33953

order and repair and said premises shall be maintained in a clean, sanitary, neat and attractive condition. The lessee shall construct, maintain and repair all fences, walls, sewers, sewer connections, drains, driveways, sidewalks, and other improvements which may be required at any time by law to be constructed, maintained, and repaired upon or adjoining or in connection with or for the use of said premises or any part thereof, and the lessee shall make any and all additions to or alterations in the buildings and structures erected on said premises and lessee shall indemnify and save harmless the lessor and the United States Government against all actions, claims and damages by reason of the lessee's failure to keep and maintain said premises and the buildings and improvements thereon as hereinabove provided, or by reason of lessee's non-observance of any law, ordinance, or regulation applicable thereto.

16.     DELIVERY OF PREMISES. - The lessee hereby agrees that at the termination of this lease, by normal expiration or otherwise, lessee will peaceably and without legal process deliver up the possession of the premises herein described.

17.     OWNERSHIP OF IMPROVEMENTS. - Any building or other improvements placed upon the said land by the lessee shall remain the property of the United States Government during the term of the lease and the lessee shall have ninety (90) days from the date of expiration of its lease in which to remove said improvements before title reverts to the tribe.

18.     TERMINATION. - The Government may terminate this lease in whole or in part at any time by giving at least 90 day's notice in writing to the Lessor and no rental shall accrue after the effective date of termination. Said notice shall be computed commencing with the day after the date of mailing.

19.     In the event the Indian Health Services ceases to render services to the Indian s of the Cheyenne River Sioux Tribe or otherwise terminates or transfers the responsibility for performing such services to another organization, the lessor reserves the right to renegotiate the annual rental prior to the assignment of this lease to the successor organization.

IN WITNESS WHEREOF, the parties hereto have hereunto subscribed their names on this ___16 TH___ day of __M A Y__, 2005.

Signatures:
    Lessor: _____     Chairman, Cheyenne River Sioux
                        Harold Frazier                        Tribal Council

    Witness: _____     Secretary, Cheyenne River Sioux
                    Colette LeBeau-Iron Hawk                Tribal Council

    U.S. Government:

    Lessee: _____     Lease Contracting Officer
                        Glen A. Harlow                       DHHS/PHS/IHS/DES

    Approval:
    BIA: _____     Superintendent , Cheyenne River Agency

PURSUANT TO AUTHORITY DELEGATED To the Assistant Secretary-Indian Affairs by 209 DM 8, 230 DM 1, to the Great Plains Regional Director by 3IAM 4 (Release No. 00-03) and to the Superintendents by Great Plains Regional Addendum 3IAM 4 (Release No. 0113)

Date Approved: __05/23/2005__

[stamp: GREAT PLAINS REGIONAL OFFICE   JUN 14 P 2: 51   RECORDED – BIA LAND TITLES & RECORDS OFFICE   Page 3 of 3]

Lease Supplement No. <u>1</u>     To HHS Lease No. <u>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</u>
          BIA Recording No. <u>340-33953</u>
           Allot. No.  <u>T8897</u>
        **TAAMS CONTRACT NO.** <u>2008190545</u>

Effective As Of <u>April 1, 2008</u> for the lease of

     **Land used for Eagle Butte Comprehensive Health Facility**
     **and Staff Quarters**
at    **Eagle Butte**
in    **South Dakota**

This agreement, made and entered into this date by and between:


     **The Cheyenne River Sioux Tribe**
at    **Eagle Butte, South Dakota 57625**

hereinafter called the Lessor and the United States of America, hereinafter called the Government,

WHEREAS, The government requires additional land for the construction of staff quarters to support the new hospital, and

WHEREAS, Tribal Resolution No. <u>25-06-CR</u>, which has been incorporated at Exhibit No 1, Sets aside within the W2NE4SE4, E2NW4SE4, SE4NE4SE4, S2NE4SE4, S2N2NE4NE4SE4, Sec.19,T-12N, R-24E, Tribal Tract.# T-8897, exclusively for construction of staff housing quarters for the new Hospital with fund's provided by the Indian Health Service.

WHEREAS, the parties hereto desire to amend the above lease,

NOW THEREFORE, these parties agree that lease is amended effective on the date specified above to modify paragraph 1. of the lease, to increase the total land being leased to approximately 144.45 acres.

Legal Description-Staff Quarters Parcel: Commencing at the Southeast corner Section 19, Township 12 North, Range 24 East, thence N00°11'33"W, 1318.05 feet in distance to the point of beginning; thence N89°59'20"W, 1981.02 feet in distance, thence N00°10'39"W, 1318.69 feet in distance, thence S89°58'13"E, 1320.45 feet in distance, thence S00°11'19"E, 164.78 feet in distance, thence S89°58'21"E, 860.24 feet in distance, thence S00°11'33"E, 1153.29 feet in distance to the point of termination. Containing 57.45 acres more or less, of which 0.82 acres more or less is airport easement and 0.87 acres more or less is section line road Right Of Way, and is more particularly depicted in Exhibit No. 2.

```
RECEIVED
APR 16 2008
DIVISION OF
FACILITIES MANAGEMENT
```

All other conditions and clauses remain in full force and effect.

IN WITNESS WHEREOF, the parties hereunto subscribed their names as, of the date above written.

Signatures:

Lessor: _____    Chairman, Cheyenne River Sioux
           Joseph Brings Plenty, Sr.     Tribal Council

Government: _____  Lease Contracting Officer
              Glen A. Harlow       DHHS/IHS/DES-S
                        ACTING

BIA: _____  Superintendent, Cheyenne River Agency

PURSUANT TO AUTHORITY DELEGATED To the Assistant Secretary-Indian Affairs by 209 DM 8, 230 DM 1, to the Great Plains Regional Director by 3IAM 4 (Release No. 00-03) and to the Superintendents by Great Plains Regional Addendum 3IAM 4 (Release No. 0113).

Date Approved:  **MAR 21 2008**

C:\leasing\xbsu\eagle butte\supplno1

CASILLAS EXHIBIT 2

US DEPARTMENT OF HEALTH AND HUMAN SERVICES
INDIAN HEALTH SERVICE

## QUARTERS ASSIGNMENT AND ACCEPTANCE AGREEMENT

| Installation Name | Installation Number |
|---|---|
| **CRHC** | **41254** |

| City | State | County |
|---|---|---|
| **Eagle Butte** | **SD** | **Zeibach** |

### EMPLOYEE/OCCUPANT DATA

| Name of Occupant | Social Security Number |
|---|---|
| **Denise Casillas** | |

Employment Status (please check one)

| | | |
|---|---|---|
| [ ] Civil Service (Grade: GS- ) | [ ] Commissioned Corps (Rank:___) | [ ] Volunteer/Student |
| [X] 638 Tribal Contractor/Compactor | [ ] Contractor | [ ] Other |

| Assignment Status (please check one) | [X] Permanent | [ ] Temporary | [ ] Term |
|---|---|---|---|

### DEPENDENT DATA

| Spouse's Name | Spouse's Employment Status |
|---|---|
| | [ ] Commissioned Corps  [ ] Civil Service  [ ] Other |

| Total Number of Children  Number..Female  Number..Male | Other Dependents: Number (_____) | Relationship: |
|---|---|---|

### QUARTERS DATA

| Building No. | Quarters Number | Net Square Feet | No. of Bedrooms |
|---|---|---|---|
| ■ | | **2292** | **4** |
| | | Comments | |

### RENTAL DATA

| Base Monthly Rent..... | Fuel..... $ | Electricity ...... |
|---|---|---|
| Adjustments............ | Gas....... $ | Furnishings..... |
| Adjusted Base Rent... $ | Water... $ | Garbage.......... |
| | Sewer.... $ | Other............ |
| | | Total Utilities.... $ |

| Utilities Metered and Billed Direct to the Occupant | [X] yes  [ ] no | Total Monthly Rental Rate $ | 573.35 |
|---|---|---|---|
| Utility Company. | | | |
| Phone: | | Total Bi-Weekly Rental R | $264.60 |
| Market Survey or CPI Adjustment?  [ ] yes [X] no | | | |
| Comments: | | Total Daily Rental Rate: | $19.09 |

### GENERAL TERMS AND CONDITIONS

The Indian Health Service, ___CRHC-_____ Service Unit (hereinafter called the "Agency"), hereby assigns to [ ............ ..v (hereinafter called the "occupant") the government quarters described above.

Rent shall be  $ 573.35  per month, as indicated above.  If the occupant is an Agency employee, rent shall be payable bi-weekly through salary deductions in accordance with 5 U.S.C. 5911(c).  If the occupant is not an Agency employee, rent shall be payable $ 264.60 (bi-weekly or monthly) by cash collection.  The rent shall be subject to **automatic periodic adjustments** due to market rental surveys and annual Consumer Price Index adjustments required by OMB Circulars A-45, revised / A25.  The occupant will be notified in writing at least 30 days in advance of the rent adjustment.  Baseline rental surveys or appraisals are usually conducted every 4 years.  Adjustments shall automatically become effective at the beginning of the first full pay period in March of each year.  A new Quarters Assignment Agreement will be required when rates are revised pursuant to a baseline survey or appraisal.

Occupant may be evicted by the Agency for breach of this Agreement or refusal to sign this or subsequent Quarters Assignment Agreements.

IHS 6070A /AAO      Apr-11

CASILLAS EXHIBIT 3

If the occupant is a Commissioned Corps member and quarters are inadequate, neither rent nor charges for utilities shall be withheld from the officer's pay. When quarters have been designated inadequate, the total of the rental rate plus charges for furniture and utilities (except telephone) will be adjusted, *if required*, so as not to exceed 75 percent of the member's basic allowance for quarters as outlined in OMB Circular A-45, revised.

Occupancy of the subject quarters shall begin on _12/02/2012_. If the occupant is an agency employee, occupancy shall end upon the expiration of the occupant's employment at this location, unless previously terminated at the option of either party upon 30-days written notice. If the occupant is not an agency employee, occupancy shall end on _____, unless previously terminated at the option of either party upon 30-days written notice.

The Occupant:

1   Agrees to keep the premises in a clean, sightly, and safe, habitable condition at all times times and comply with all relevant provisions of any and all applicable Sanitary Codes. Upon vacating, occupant agrees to leave the quarters in broom clean condition;

2   Agrees to assist and cooperate with the Agency in the care and maintenance of the premises and to proptly notify the housing officer of any damage or need for repairs to the premises;

3   Agrees to make no repairs, alterations, improvements or additions to the premises unless authorized in advance and in writing by the Agency head or his/her delegated offical. All alterations, improvments or additions so authorized and made shall become and remain the property of the United States;

4   Agrees to make no change, alternation, replacement or addition of new locks without written consent of the Agency. Any locks so permitted to be installed shall become property of the United States and shall not be removed by the occupant. The occupant shall promptly give a duplicate key to any such changed, altered, replaced or new lock to the Agency;

5   Agrees to use all appliances, fixtures and equipment in a safe manner and only for the purposes for which they are intended and shall not litter, destroy, deface, damage or remove any part of the dwelling unit, common areas or grounds. Occupant shall be responsible at her/her expense amounts due for repairs for property damage, reasonable wear and tear excepted, caused by the intentional or negligent conduct of occupant, a member of the occupant's household, relatives, invitees, guests or agents and the cost thereof for any damages to the premises resulting from the neglect of the occupant beyond reasonable wear and tear  These repairs may be made by the Agency, at its option, and costs will be reimbursed by the occupant through a cash payment or payroll deduction,

6   Agrees to notify the Agency in writing if the dwelling unit will be left unoccupied by at least one adult household member for a period of longer than 14 days, and shall advise the housing officer how to contact the occupant during such period,

7   Agrees that no private business will be operated out the premises;

8   Agrees to maintain the premises as a private residence for himself/herself and his/her legal dependents. The occupant agrees to neither sublet any part or portion of the premises to any person, nor to allow any other person or persons to reside on the premises without the prior written consent and approval of the delegated official;

9   Agrees to conduct himself/herself and assure that his/her family and guests, invitees, and agents conduct themselves in such a manner as not to interfere with Agency operations at the installation;

10  Agrees to permit the Agency Head, or his/her delegated offical to enter the premises in order to inspect, make repairs, or take such other action as may be reasonable tr necessary. The agency shall give notice of intent to enter the premises as it deems reasonable and practical under the circumstances;

11  Agrees to pay normal rent for quarters during temporary periods of absense  The occupant is responsible for rent, furnishings, and utility charges until such time as the unit is completely vacated and cleaned. Charges will continue until a PHS Quarters Termination Record (PHS-6070B) and Quarters Deficiency Checklist (PHS 6068) have been executed, signed, and any discrepancies resolved. The occupant must receive the above quarters clearances prior to release from service and final payment of salary,

12  Agrees to notify the Housing Officer immediately, in writing of any change in employment which might effect either elegibility for government quarters or the charged rental rate. Occupant shall additionally notify the housing officer of (1) any births, deaths, marriages, divorces, and contagious diseases of occupants and (2) persons outside of immediate family domiciled in quarters;

13  Agrees to not keep any animal in the unit without prior, written approval of the Agency or his/her delegated official. If prior, written approval is given, occupant Agrees to abide by all rules and regulations, including agreement to pay any associated charges and fees, regarding pet ownership in the unit. The combined weight of all pets must not exceed 80 pounds. Regardless of weight, no more than two animals are allowed to reside in the unit at any given time.

14  Agrees that they nor their family members, or guests, shall park or drive on the property lawn or neighbors property. Any cards found parked on the lawn will be towed at the owner's expense. The Agency may remove disabled vehicles and unregistered vehicles at any time at the owner's expense;

15  Agrees to maintain proper operations of all smoke detectors on the premises during the term of the lease. Occupant agrees not to perform any hazardous act which might cause a fire;

16  Agrees to carry rental insurance, at his/her option, as the Government liability under the Military Personnel and Civilian Employees Claims Act and the Tort Claims Act are limited

This agreement is subject to any and all additional Terms and Conditions applicable to the installation and its quarters as set forth in the Installation's quarters housing policies and rules. This agreement is supported by and incorporates by reference all policies, rules and regulations found in the OMB Circular A-45, revised, A-25, OHS Quarters Managment Maanual, Indian Health Manual Chapter 13, Technical Handbook for Environmental Health and Engineering, and any approved publications issued under their authority.

| Agency | Date |
|---|---|
| Jewel Kougl | 11/21/12 |

I certify that I accept the Terms and Conditions stated in this Quarters Assignment and Acceptance Agreement and that I have participated in the pre-occupancy inspection of the quarters.

| Occupant | Date |
|---|---|
| Denise M. Casilla | 11/21/12 |

Distribution: Orig.-Installation Mgr., Copy 1-Employee, Copy 2-Personnel/DCP, Copy 3-Area Realty Officer, Copy 4-HQ

IHS 6070A

CASILLAS EXHIBIT 3

*Warning: Do not Email any form that contains PII data.*



## U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES
### Public Health Service

12/18/2014
10.6C

# QUARTERS ASSIGNMENT AND ACCEPTANCE AGREEMENT

| | | | |
|---|---|---|---|
| **AGENCY/BUREAU** | Indian Health Service | **INSTALLATION NAME** | EAGLE BUTTE SD CHEYENNE RVR HC |
| **INSTALLATION NUMBER** | 0041254 | **STATE** | |
| **NAME OF OCCUPANT** | Denise Casillas | **COUNTY** | |

**SOCIAL SECURITY NUMBER** _____

**EMPLOYMENT STATUS** ___ COMMISSIONED CORPS ___ CIVIL SERVICE
RANK: _____ GRADE: _____

**CONTRACTOR'S EMPLOYEE** ___ YES ___ NO  **LOCAL HIRE** ___ YES ___ NO

**ASSIGNMENT STATUS** ___ Permanent ___ Temporary ___ Term

## DEPENDENT DATA

**SPOUSE'S NAME** _____

**EMPLOYMENT STATUS** ___ Government Employee ___ Civil Service ___ Commissioned Corps

**TOTAL NUMBER OF CHILDREN** Number Female _____ Number Male _____

**OTHER DEPENDENTS** Number _____ Relationship _____

## QUARTERS DATA

| | | | |
|---|---|---|---|
| **BUILDING NO.** | _____ | **NET SQUARE FEET** | 2,292 |
| **QUARTERS NO.** | ▮▮▮▮ | **NO. BEDROOMS** | 4 |
| **SINGLE** | ___ YES ___ NO | **HOUSEKEEPING** | ___ YES ___ NO |
| **FAMILY** | ___ YES ___ NO | **NON HOUSEKEEPING** | ___ YES ___ NO |
| **COMMUNAL KITCHEN** | ___ YES ___ NO | **ADEQUATE** | ___ YES ___ NO |
| | | If "NO," explain: | _____ |

## FURNISHINGS DATA

| ITEM | SERIAL NO. | INDEX NO. |
|---|---|---|
| Dishwasher | _____ | _____ |
| Dryer | _____ | _____ |
| Microwave Oven | _____ | _____ |
| Washer | _____ | _____ |

## RENTAL DATA

**UTILITIES AND RELATED FACILITIES:**

Trash Disposal          $16.05

**UTILITIES METERED AND BILLED DIRECT TO THE OCCUPANT** ___ YES ___ NO

If "NO," explain: _____

| | | |
|---|---|---|
| **BASE MONTHLY RENT** | $989.00 | |
| **ADJUSTMENTS** | $10.88 | |
| **ADJUSTED BASE RENT** | $1,000.00 | |
| **ADMIN DEDUCTIONS** | ($374.00) | |
| **EFFECTIVE DATE OF RENT (CHANGE)** | | 3/8/2015 |
| **TOTAL MONTHLY UNIT RENTAL RATE** | | $651.20 |

IHS, EAGLE BUTTE SD CHEYENNE RVR HC, ▮▮▮▮, Denise Casillas

| | |
|---|---|
| **BASE MONTHLY RENT** | $869.00 |
| **ADJUSTMENTS** | $68.65 |
| **DJUSTED BASE RENT** | $938.00 |
| **ADMIN DEDUCTIONS** | ($374.00) |

| | |
|---|---|
| **EFFECTIVE DATE OF RENT (CHANGE)** | 3/9/2014 |
| **TOTAL MONTHLY UNIT RENTAL RATE** | $590.15 |
| **TOTAL MONTHLY TENANT RENTAL RATE** | $590.15 (1 Planned Tenant) |
| **TOTAL BIWEEKLY TENANT RENTAL RATE** | $272.35 |

## GENERAL TERMS AND CONDITIONS

The Indian Health Service (hereinafter called the "agency") hereby assigns to Denise Casillas (hereinafter called the "occupant") government quarters described above.

Rent shall be $590.15 per month, as indicated above. If the occupant is an agency employee, rent shall be payable through salary deductions in accordance with Section 5911(c), Title 5, U.S. Code. If the occupant is not an agency employee, rent shall be payable to EAGLE BUTTE SD CHEYENNE RVR HC by Personal Check. The rent shall be subject to automatic periodic adjustments between rental surveys in accordance with the PHS Quarters Management Manual and OMB Circular A-45, utilizing the Department of Labor Rent Series of the Consumer Price Index as the annual rent multiplier. The occupant will be notified in writing at least 30 days in advance of the rent adjustment which shall become effective the first full pay period in March of each year. A new Quarters Assignment and Acceptance Agreement (PHS-6070A) will be required whenever rates are revised pursuant to a rental survey.

the occupant is a Commissioned Corps member and quarters are adequate, neither rent nor charges for utilities shall be withheld from the officer's pay. When quarters have been designated inadequate public quarters, the total of the rental rate, plus charges for furniture and utilities (except telephone) will be adjusted, if required, so as not to exceed 75 percent of the member's basic allowance for quarters (OMB Circular A-45, revised.)

Occupancy of the subject quarters shall begin on 12/2/2012. If the occupant is an agency employee, occupancy shall end upon the expiration of the occupant's employment at this location, unless previously terminated at the option of either party upon 30-days written notice. If the occupant is not an agency employee, occupancy shall end on _____ (date), unless previously terminated at the option of either party upon 30-days written notice.

The occupant:

1. Agrees to keep the premises in a clean, sightly, and safe condition, and upon vacating, to leave the quarters in a clean and orderly condition.

2. Agrees to assist and cooperate with the agency in the care and maintenance of the premises and to promptly notify the housing officer of any damage or need for repairs to the premises.

3. Agrees to make no repairs, alterations, improvements or additions to the premises unless authorized in advance and in writing by the agency head or his/her delegated official. All alterations, improvements or additions so authorized and made shall become and remain the property of the United States.

4. Agrees to repair at his/her expense, any damages to the premises resulting from the neglect of the occupant beyond reasonable wear and tear. These repairs may be made by the agency, at its option, and the costs will be reimbursed by the occupant through a cash payment or payroll deduction.

5. Agrees that no business will be conducted on the premises unless authorized in advance and in writing by the agency head or his/her delegated official.

IHS, EAGLE BUTTE SD CHEYENNE RVR HC, ▮▮▮▮▮, Denise Casillas

CASILLAS EXHIBIT 3

6. Agrees to maintain the premises as a private residence for himself/herself and his/her legal dependents. The occupant agrees to neither sublet any part or portion of the premises to any person, nor to allow any other person or persons to reside on the premises without the prior written consent and approval of the designated official.

7. Agrees to conduct himself/herself and assure that his/her family and guests conduct themselves in such a manner as not to interfere with agency operations at the installation.

8. Agrees to permit the agency head, or his/her delegated official, to enter the premises in order to inspect, make repairs, or take such other action as may be reasonable or necessary. The agency shall give notice of intent to enter the premises as it deems reasonable and practical under the circumstances.

9. Agrees to pay normal rent for quarters during temporary periods of absence. The occupant is responsible for rent, furnishings, and utility charges until such time as the unit is completely vacated and cleaned. Charges will continue until a PHS Quarters Termination Record (PHS-6070B) and Quarters Deficiency Checklist (PHS-6068-1) have been executed, signed, and any discrepancies resolved. The occupant must receive the above quarters clearances prior to release from service and final payment of salary.

This agreement is subject to any additional Terms and Conditions applicable to the installation and its quarters as set forth on exhibit(s)_____ and_____, attached hereto and made a part thereof.

Date _1/16/14_          Agency _____

I certify that I accept the Terms and Conditions stated in this Quarters Assignment and Acceptance Agreement and that I have participated in the pre-occupancy inspection of the quarters.

Date _1-16-14_          Occupant _Denise M. Casillas_

Distribution: Copy 1 – Employee/Occupant    Copy 2 – Installation Manager    Copy 3 – DHFP/OM/PHS

PHS-6070A
Rev 4/85

IHS, EAGLE BUTTE SD CHEYENNE RVR HC, _____, Denise Casillas

CASILLAS EXHIBIT 3



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
**INDIAN HEALTH SERVICE**
CHEYENNE RIVER HEALTH CENTER

DATE:       March 22, 2016

FROM:       Kaycee Rousseau, Housing Manager CRHC

TO:         Denise Casillas

Subject:    Notice of housing termination

Due to you termination from the Cheyenne River Tribal Behavioral Health Department on February 16, 2016, this letter is to serve as your 30 day notice to vacate staff quarters unit ▮▮

It is important that you sign your termination paperwork once your FINAL walk-thru is complete.  If not complete then we will assume your termination date by possession of the keys/remote of the quarters unit and you will be responsible for any unpaid rent and additional days beyond your 30-day notice expiration date, which is **April 21, 2016.**

Attached for your convenience is a copy of the move-out instructions and cleaning checklist.

**You are still responsible for your rental and utility payments until you vacate the housing unit.**

Please submit your rental payments to:

Indian Health Service
PO Box 1012
Eagle Butte, SD 57625
Attn: Kaycee Rousseau

If you have any questions, please contact me at (605) 964-0594 or by email kaycee.rousssseau@ihs.gov

*Kaycee Rousseau*
Kaycee Rousseau

Attachment

Cc:    Chester Bowman, Facilities Engineer, CRHC
       Charles Fischer, CEO, CRHC



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
**INDIAN HEALTH SERVICE**
CHEYENNE RIVER HEALTH CENTER

I certify that the above notice was:

_____X_____   personally hand-delivered by me to Denise Casillas on March 22, 2016

_____   personally posted by me on the door of IHS Quarters No███, Eagle Butte, South Dakota at
_____ a.m. / p.m. on March 22, 2016.


*Kaylee Rousseau*
Name of Person Serving Notice

*3/22/16*
Date


Witnessed By:

_____          _____
                                                                                    Date


Received by:

*Denise M. Casillas*
Denise Casillas

*3/22/16*
Date


_____

_____

_____

Forwarding Address



# DEPARTMENT OF HEALTH & HUMAN SERVICES
# INDIAN HEALTH SERVICE
## CHEYENNE RIVER HEALTH CENTER

August 1, 2016

Denise Casillas

████████  ████████

This letter is in reference to your continued occupancy of quarters # ██ located at the Cheyenne River Health Center. Since you are no longer an employee with the Cheyenne River Sioux Tribe Behavioral Health, you are illegally occupying government quarters. You will find attached a memo dated 3/22/2016, informing you of the 30 day notice to vacate the premises. No payments for rent have been received as instructed per the memo.

Please remit the total back rent owed of $2347.58, which covers rent up until 7/31/16. This includes two separate payments made in July. You will continue to incur additional rental costs at the NON-FEDERAL daily rate of $35.33 daily, and biweekly rate of $489.67 until you vacate the unit.

I have spoken with your former supervisor and I have been told there are no plans to rehire or reinstate you back into your former position. The 30-day time period has expired and you are continuing to occupy the Government quarters without a legal right to do so and without communicating with us about your intentions. We remind you that our authority to provide you Government housing expired when your employment relationship with the CRST Behavioral Health Department ended.

**You need to vacate Government quarters # ██ immediately. If you fail to comply with this demand, we will refer this matter to the Department of Health and Human Services Office of General Counsel to pursue formal legal action to have you removed from Government quarters # ██ at the Cheyenne River Health Center.**

A final inspection will be conducted once you vacate the unit and a total will be sent to you for any damages beyond normal wear and tear.

Please submit your rental payments to:

Indian Health Service
PO Box 1012
Eagle Butte, SD 57625

Thank you for your cooperation in this matter. If you have any questions, please contact me at (605) 964-0594.

　　　　　Kaycee Rousseau
　　　　　Housing Manager

Attachment

Cc:　　Chester Bowman, Facilities Engineer, CRHC
　　　　Charles Fischer, CEO, CRHC



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
**INDIAN HEALTH SERVICE**
CHEYENNE RIVER HEALTH CENTER

I certify that the above notice was:

_____X_____  personally hand-delivered by me to Denise Casillas on August 1, 2016

_____  personally posted by me on the door of IHS Quarters No.____, Eagle Butte, South Dakota at
                    _____ a.m. / p.m. on August 1, 2016.


_Kaycee Rousseau_                                    _8/1/16_
Name of Person Serving Notice                        Date


Witnessed By:
_Denise M Casillas, PA_                              _8/1/16_
                                                     Date

Received by:


_____            _____
Denise Casillas                             Date


_____

_____

_____

Forwarding Address

February 21, 2017

Denise Casillas



**APPOINTMENT LETTER**

Dear Ms. Casillas:

This is to inform you that you have been appointed to the position of Case Manager/Social Detox for the Tribal Health Department effective Wednesday, February 22, 2017. Please report to the Human Resources Office for payroll information and also bring your drivers license and social security card.

You will be under the immediate supervision of the Kenneth Little Thunder, Administrative Officer. Your salary will be $33.58 per hour.

Your probationary period will be for ninety (90) days and if your work is satisfactory at the end of this time, this appointment will become permanent and will remain in force and effect until such time as you resign, giving the Tribe two weeks notice or have been removed for cause.

I hope our association will be one of mutual respect and cooperation.

Sincerely,

Harold C. Frazier, Tribal Chairman
Cheyenne River Sioux Tribe

HCF: tt

cc:   Tribal Chairman            Central Records
      Tribal Secretary           Contracting Office
      Tribal Treasurer           Payroll Office
      Administrative Officer     Benefits Office
      Tribal Health Department   Human Resources

**DEPARTMENT OF HEALTH & HUMAN SERVICES**
Cheyenne River Health Center, Indian Health Service, Eagle Butte, South Dakota

Date:      August 4, 2017

To:        Denise Casillas, Tribal Health

From:      Kaycee Rousseau, Housing Officer

Subject:   Notification of Lease Termination/Eviction
           Unit ██ ████████

This letter is to inform you of a housing policy violation which has resulted in your lease being terminated. It stems from an incident that involved family members or guests of you resident from late last night or very early this morning. This letter serves as your 30-day notice to vacate staff quarters ████████.

The housing policy states you are to be held responsible for the actions of your family and guests; you are also responsible for the cost of any damages that they have caused to Moreau Grand's property by a vehicle found parked in front of your house license plate number 36V Y73. When the police officer knocked on the house door to ask questions, no one answered although people were seen looking out the window. Failure to allow entry is also cause for eviction.

Below is an excerpt from the CRHC Policy for causes of termination:

*Per the following from the Cheyenne River Health Center Housing Policy, 2011*
     a.   <u>Cause for Terminations:</u>
           i.   Knowingly allowing government or leased property to be destroyed/damaged through misuse, neglect and theft etc.
          ii.   Violating health and safety rules
        iii.   Violation of animal policy
        iv.   Termination of employment
         v.   Failure to allow official entry into quarters
        vi.   Illegal use of drugs/underage consumption of alcohol on the premises.
       vii.   Not abiding by policy on care of quarters.
     viii.   Not abiding by rental agreement for quarters.
        ix.   Other serious violations as determined by Housing committee/Executive committee.

If the tenant does not voluntarily vacate the housing unit in accordance with this policy, eviction procedures will be initiated in accordance with the Great Plains Area Wide Housing Committee.

It is important that you sign your termination paperwork once your FINAL walk-thru is complete. If not complete then we will assume your termination date by possession of the keys/remote of the quarter's unit and you will be responsible for any unpaid rent and additional days beyond your 30-day notice expiration date, which is **September 5, 2017.**

You are still responsible for your rental and utility payments until you vacate the housing unit.

If you have any questions please contact Kaycee Rousseau at 964-0594 or by email Kaycee.Rousseau@ihs.gov

cc:    Charles Fischer, CRHC CEO
       Chester Bowman, CRHC Facility Manager
       Mika Tibbs, CRST Tribal Health Acting CEO

 **EPARTMENT OF HEALTH & HUMAN SERVICES**
**1eyenne River Health Center, Indian Health Service, Eagle Butte, South Dakota**

I certify that the above notice was:

_____ personally hand-delivered by me to Denise Casillas, August 4, 2017 \_\_\_\_\_ a.m./p.m.
\_\_X\_\_\_ personally posted by me on the door of IHS Quarters No. ███ ███ ███, South Dakota at
\_\_2.02\_\_a.m./ p.m. on August 4, 2017

_(signature)_ _____           \_\_8/4/17_____
Name of Person Serving Notice                        Date

Witnessed By:

_(signature)_ _____           \_\_8/4/17_____
                                                     Date

Received by:

_____                _____
Denise Casillas                                      Date

_____
_____
_____
Forwarding Address

CASILLAS EXHIBIT 7

 **DEPARTMENT OF HEALTH & HUMAN SERVICES**
**Cheyenne River Service Unit, Indian Health Service, Eagle Butte, South Dakota**

---

Date    October 19, 2017

From    Kaycee Rousseau, Housing Officer CRHC

Subject    Indian Health Service and Tenant Agreement to Provide Back Rent Payments

To    Denise Casillas, Tenant

A review of Indian Health Service housing records for unit known as "█" indicates that you, **Denise Casillas (tenant)**, have past due rents and fees totaling **$10,953.71** for the period of **02/14/2016 to 04/08/2017.**

To maintain the residency, the tenant in unit "█", at the **Cheyenne River Service Unit** acknowledges and agrees to the below items. The tenant is advised that these conditions must be executed prior to its termination date of **02/028/2026 at close of business or upon the vacation of the tenant from the quarters prior to this date.**

Tenant agrees:

1. That **Denise Casillas (tenant)**, currently owes **$10,953.71** in past due rents and fees. An additional $50.00, will be taken out each pay period until the amount has been paid in full, which will be $392.73 per pay period. **Any extra payments can be made directly to the Indian Health Service by check or money order.**

2. That **Denise Casillas (tenant)** will (a) pay these rents and fees in whole by or before the termination date of this covenant, or;

3. That **Denise Casillas (tenant)** will (b) abide by the payment plan attached to this agreement.

4. That if **Denise Casillas (tenant)** fails to respond prior to the termination date of this agreement (within 30 days), the amount to be collected will be submitted to the IHS Finance Department to be collected immediately.

Note: The total amount for rent, fees and other charges due after the back rent charges are collected under this covenant, owed by the tenant will be according to the rate set by the consumer Price Index (CPI) at that time.

Both parties reserve the right to withdraw from this covenant at any time by notifying the other party in writing. Upon such a withdrawal by either party, the rents and fees listed above shall become due immediately and paid in full.

This agreement shall not be construed as to diminish or disparage any rights of either party whatsoever. This agreement is merely a temporary accommodation to preserve the residency of the tenant while protecting the rights of the Indian Health Service. This agreement constitutes an acknowledgement by the above identified tenant that the rents and fees are valid and accurate, and that the Indian Health Service is legally entitled to them.

_____ Tenant's Signature _____ Date

_____ Tenant Manager's Signature _____ Date

CASILLAS EXHIBIT 8

IHS, EAGLE BUTTE SD CHEYENNE RVR HC, ███, Denise Casillas

*Warning: Do not Email any form that contains PII data.*



## U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES
### Public Health Service

1/24/2018
10.6C

# QUARTERS ASSIGNMENT AND ACCEPTANCE AGREEMENT

| | | | |
|---|---|---|---|
| **AGENCY/BUREAU** | Indian Health Service | **INSTALLATION NAME** | EAGLE BUTTE SD CHEYENNE RVR HC |
| **INSTALLATION NUMBER** | 0041254 | **STATE** | SD |
| **NAME OF OCCUPANT** | Denise Casillas | **COUNTY** | |
| **SOCIAL SECURITY NUMBER** | ███ | | |
| **EMPLOYMENT STATUS** | Non-Fed Contractor | | |

RANK: _____    GRADE: _____

**CONTRACTOR'S EMPLOYEE** ___ YES ___ NO     **LOCAL HIRE** ___ YES ___ NO

**ASSIGNMENT STATUS** ___ Permanent ___ Temporary ___ Term

## DEPENDENT DATA

**SPOUSE'S NAME** _____

**EMPLOYMENT STATUS** ___ Government Employee ___ Civil Service ___ Commissioned Corps

**TOTAL NUMBER OF CHILDREN** Number Female _____ Number Male _____

**OTHER DEPENDENTS** Number _____ Relationship _____

## QUARTERS DATA

| | | | |
|---|---|---|---|
| **BUILDING NO.** | _____ | **NET SQUARE FEET** | 2,292 |
| **QUARTERS NO.** | ███ | **NO. BEDROOMS** | 4 |
| **SINGLE** | ___ YES ___ NO | **HOUSEKEEPING** | ___ YES ___ NO |
| **FAMILY** | ___ YES ___ NO | **NON HOUSEKEEPING** | ___ YES ___ NO |
| **COMMUNAL KITCHEN** | ___ YES ___ NO | **ADEQUATE** | ___ YES ___ NO |
| | | If "NO," explain: | _____ |

## FURNISHINGS DATA

| ITEM | SERIAL NO. | INDEX NO. |
|---|---|---|
| Dishwasher | _____ | _____ |
| Dryer | _____ | _____ |
| Microwave Oven | _____ | _____ |
| Washer | _____ | _____ |

## RENTAL DATA

**UTILITIES AND RELATED FACILITIES:**

Trash Disposal     $16.90

**UTILITIES METERED AND BILLED**     Electricity, Sewer, Water
**DIRECT TO THE OCCUPANT**

| | |
|---|---|
| **BASE MONTHLY RENT** | $941.00 |
| **ADJUSTMENTS** | $120.45 |
| **ADJUSTED BASE RENT** | $1,061.00 |
| **ADMIN DEDUCTIONS** | ($357.00) |

EFFECTIVE DATE OF RENT (CHANGE)     3/4/2018

TOTAL MONTHLY UNIT RENTAL RATE     $728.50

TOTAL MONTHLY TENANT RENTAL RATE     $728.50 (1 Planned Tenant)

CASILLAS EXHIBIT 9

**TOTAL BIWEEKLY TENANT RENTAL RATE**      $336.20

## GENERAL TERMS AND CONDITIONS

The Indian Health Service (hereinafter called the "agency") hereby assigns to Denise Casillas (hereinafter called the "occupant") government quarters described above. Rent shall be $728.50 per month, as indicated above. If the occupant is an agency employee, rent shall be payable through salary deductions in accordance with Section 5911(c), Title 5, U.S. Code. If the occupant is not an agency employee, rent shall be payable to EAGLE BUTTE SD CHEYENNE RVR HC by Personal Check/ Money Order. The rent also be subject to automatic periodic adjustments between rental surveys in accordance with the PHS Quarters Management Manual and OMB Circular A-45, utilizing the Department of Labor Rent Series of the Consumer Price Index as the annual rent multiplier. The occupant will be notified in writing at least 30 days in advance of the rent adjustment which shall become effective the first full pay period in March of each year. A new Quarters Assignment and Acceptance Agreement (PHS-6070A) will be required whenever rates are revised pursuant to a rental survey.

If the occupant is a Commissioned Corps member and quarters are adequate, neither rent nor charges for utilities shall be withheld from the officer's pay. When quarters have been designated inadequate public quarters, the total of the rental rate, plus charges for furniture and utilities (except telephone) will be adjusted, if required, so as not to exceed 75 percent of the member's basic allowance for quarters (OMB Circular A-45, revised.)

Occupancy of the subject quarters shall begin on 12/2/2012. If the occupant is an agency employee, occupancy shall end upon the expiration of the occupant's employment at this location, unless previously terminated at the option of either party upon 30-days written notice. If the occupant is not an agency employee, occupancy shall end on _____ (date), unless previously terminated at the option of either party upon 30-days written notice.

The occupant:

1.  Agrees to keep the premises in a clean, sightly, and safe condition, and upon vacating, to leave the quarters in a clean and orderly condition.

2.  Agrees to assist and cooperate with the agency in the care and maintenance of the premises and to promptly notify the housing officer of any damage or need for repairs to the premises.

3.  Agrees to make no repairs, alterations, improvements or additions to the premises unless authorized in advance and in writing by the agency head or his/her delegated official. All alterations, improvements or additions so authorized and made shall become and remain the property of the United States.

4.  Agrees to repair at his/her expense, any damages to the premises resulting from the neglect of the occupant beyond reasonable wear and tear. These repairs may be made by the agency, at its option, and the costs will be reimbursed by the occupant through a cash payment or payroll deduction.

    Many homes built before 1978 have lead-based paint. Lead-based paint is usually not a hazard if it is in good condition and if it is not on an impact or friction surface like a window. If your rental unit was built prior to 1978, report any peeling or chipping paint immediately to the Facility Maintenance Office. Do not scrape or sand painted surfaces. Lead from paint, chips and dust can pose serious health hazards, and is especially dangerous to fetal development and children below age 6. Learn how to protect yourself and your family from lead hazards at epa.gov/lead or call 1-800-424-5323.

5.  Agrees that no business will be conducted on the premises unless authorized in advance and in writing by the agency head or his/her delegated official.

6.  Agrees to maintain the premises as a private residence for himself/herself and his/her legal dependents. The occupant agrees to neither sublet any part or portion of the premises to any person, nor to allow any other person or persons to reside on the premises without the prior written consent and approval of the designated official.

7.  Agrees to conduct himself/herself and assure that his/her family and guests conduct themselves in such a manner as not to interfere with agency operations at the installation.

8.  Agrees to permit the agency head, or his/her delegated official, to enter the premises in order to inspect, make repairs, or take such other action as may be reasonable or necessary. The agency shall give notice of intent to enter the premises as it deems reasonable and practical under the circumstances.

9.  Agrees to pay normal rent for quarters during temporary periods of absence. The occupant is responsible for rent, furnishings, and utility charges until such time as the unit is completely vacated and cleaned. Charges will continue until a PHS Quarters Termination Record (PHS-6070B) and Quarters Deficiency Checklist (PHS-6068-1) have been executed, signed, and any discrepancies resolved. The occupant must receive the above quarters clearances prior to release from service and final payment of salary.

10. Additional Terms and Conditions: Cheyenne River Service Unit Housing Policy

This agreement is subject to any additional Terms and Conditions applicable to the installation and its quarters as set forth on exhibit(s)_____and_____, attached hereto and made a part thereof.

_____          _____
Date                                                                                Housing Officer

I certify that I accept the Terms and Conditions stated in this Quarters Assignment and Acceptance Agreement and that I have participated in the pre-occupancy inspection of the quarters.

_Jan. 24, 2018_____          _Denise M. Casillas_____
Date                                                                                Occupant

Distribution: Copy 1 - Employee/Occupant     Copy 2 - Installation Manager        Copy 3 - DHFP/OM/PHS

PHS-6070A     Rev 4/85

IHS, EAGLE BUTTE SD CHEYENNE RVR HC███████, Denise Casillas



# Government Housing Tenant
# Rent Notice

1/24/2018

4 bedroom (4 used), 2.00 bath (2.00 used), 2292 sq ft House, built in 2012, 6 years old, Excellent/Excellent condition

| | | | |
|---|---|---|---|
| **Installation** | IHS - EAGLE BUTTE SD CHEYENNE RVR HC | **CPI** | 2018 CPI |
| **Housing Unit** | ███████ | **Survey** | 2014 PLAINS SURVEY |
| **Survey Region** | Plains | **Prepared By** | Chester Bowman |
| **Effective Date of Rent** | 3/4/2018 | **Date Prepared** | 1/24/2018 |

| | |
|---|---|
| **Occupant** | Denise Casillas |
| **Arrival Date** | 12/2/2012 |
| **Federal Employee** | No |
| **Type of Payment** | Quarters Rent |
| **Rent Payment Method** | Personal Check/Money Order |

In accordance with the Housing Unit Assignment Agreement and the provisions of OMB Circular A-45, it has been determined that an adjustment in your monthly rental rate is necessary for the following reason

Application of Consumer Price Index.

The previous net biweekly tenant rent was $342.73 ($742.65 monthly, $24.73 daily) calculated as of 3/5/2017.
The new net biweekly tenant rent is $336.20 ($728.50 monthly, $24.26 daily).
The foregoing is a decrease of ($6.53) biweekly (($14.15) monthly, ($0.47) daily).

---

RECEIPT ACKNOWLEDGED

Occupant's Signature or Certified Mail Receipt Number _Denise M. Casillas_
(Signed Certified Mail Receipt indicating receipt by Occupant must be filed.)

Date Filed _1/24/2018_

---

NOTICE OF APPEAL RIGHTS: You have the right to appeal this adjustment. Appeals shall be adjudicated as of the date the appeal is filed. The filing of the appeal shall not result in postponing implementation of a proposed rate pending adjudication of the appeal. Where an appeal results in a revision of the rental rate, the employee shall be credited with whatever over payment may have resulted during the period from the filing of the appeal to the date the decision is implemented.

**Form DI 1882**



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
**INDIAN HEALTH SERVICE**
CHEYENNE RIVER HEALTH CENTER

Date: April 26, 2018

To: Denise Casillas, Tribal Health

From: Jacob Neigel, Acting Housing Manager _JN 4/26/2018_

Subject: Notification of Lease Termination/Eviction
      Unit ▮▮▮▮▮▮

This letter is to inform you of a housing policy violation which has resulted in your lease being terminated. It stems from the balanced owed for back rent in the total amount of **$ 10,953.71** with was gave to you on **March 26, 2018**. You have signed for this document and have failed to comply with the back rent owed; you will have to vacate your unit by the **4th day of May 2018 by 5:00 pm MST**.

Failure to comply if the tenant does not voluntarily vacate the housing unit in accordance with this policy, eviction procedures will be initiated in accordance with the Great Plains Area Wide Housing Committee.

It is important that you sign your termination paperwork once your FINAL walk-thru is complete. If not complete then we will assume your termination date by possession of the keys/remote of the quarter's unit and you will be responsible for any unpaid rent and additional days beyond your nine (9) days' notice expiration date, which will be May 4, 2018.

You are still responsible for your rental and utility payments until you vacate the housing unit. *Failure to turn in the amount of keys and garage remotes that was issued to you, you will also be charged $487.00 dollars for five locksets and $47.00 dollars to replace each garage remote.*

If you have any questions please contract Jacob Neigel at 605-964-0594 or by email Jacob.Neigel@ihs.gov

Cc:      Justin Keckler, CRHC acting CEO
          Chester Bowman, CRHC Facility Manager
          Cecil Means, CRST Tribal Health CEO

Thank you for the cooperation to urgent matter in regards to housing unit #192, Elk Drive.

_Jacob N..._
Jacob Neigel
Acting Housing Manager

*Reference to the Cheyenne River Health Center Housing Policy, 2011 edition*
**Quarters Termination:** *Page 8, housing policy*
*A. Any termination shall take place after a 30-day written notice is given to the occupant and a meeting with the CRSU Housing Officer. B. Occupants of government furnished housing may be required to vacate the housing assigned, at the discretion of the government, upon a 30 day written notice.*

CASILLAS EXHIBIT 10



# DEPARTMENT OF HEALTH & HUMAN SERVICES
# INDIAN HEALTH SERVICE
## CHEYENNE RIVER HEALTH CENTER

I certify that the above notice was:

_JN_____ Personally hand-delivered by me to Denise Casillas on Date: 4/26/18 @ 11:15 PM

_____ personally posted by me on the door of IHS Quarters No. ▮▮▮▮▮, South Dakota at
_____ a.m. / p.m. on Date: _____

_Jacob Neigel_, Acting Housing Manager          4/26/18
Name of Person Serving Notice                    Date


Witnessed By:

_____ Engineer          4/26/18
                                   Date
Received by:

_Denise Casillas_                  4/26/2018
Denise Casillas                    Date


_____

_____

_____

Forwarding Address



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
**INDIAN HEALTH SERVICE**
CHEYENNE RIVER HEALTH CENTER



March 26, 2018

Denise Casillas
█████████████

This letter is in reference to your continued occupancy of quarters #███ located at the Cheyenne River Health Center.  No payments have been made for the back rent owed for the total of $ 10,953.71.

Please remit the total back rent owed of $10,953.71, which covers rent from 1/31/2016 to 10/7/2017. You have been paying the rent each from this date forward but no attempt to be made on the back rent due.

**You need to make attempt to get this back rent collected within 30 days from the date of this letter.**

A final inspection will be conducted once you vacate the unit and a total will be sent to you for any damages beyond normal wear and tear.

Please submit your rental payments to:

Indian Health Service
PO Box 1012
Eagle Butte, SD 57625

Thank you for your cooperation in this matter.  If you have any questions, please contact me at (605) 964-0594.

Jacob Neigel
Acting Housing Manager

Attachment

Cc:   Chester Bowman, Facilities Engineer, CRHC
      Justin Keckler, acting CEO, CRHC

I certify that the above notice was:

_____ personally hand-delivered by me to Denise Casillas on  03-26-18

_____ personally posted by me on the door of IHS Quarters No █████████, South Dakota at
_____ a.m. / p.m. on . 03-26-18



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
**INDIAN HEALTH SERVICE**
CHEYENNE RIVER HEALTH CENTER

_(signature)_ Jack Nez    3/26/2018
Name of Person Serving Notice    Date

Witnessed By:

_(signature)_    3-24-2018
    Date

Received by:

_Denise M Casillas_    3/26/2018
Denise Casillas    Date

_____
_____
_____

Forwarding Address

_I would like to contest this as I am
unable to pay the total amount owed.
So I would like to request a chance to
pay through a salary deduction._

    _Denise M. Casillas_

CASILLAS EXHIBIT 10



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
**INDIAN HEALTH SERVICE**
CHEYENNE RIVER HEALTH CENTER

Date:    August 2, 2018

To:     Denise Casillas, Tenant

From:   Kyle D. Ward, Housing Officer

Subject: Notification of Lease Termination and Notice to Vacate

      Unit ▮▮▮▮▮▮

### THIS IS YOUR 30 DAY NOTICE TO VACATE BY SEPTEMBER 2, 2018.

The 2016 Cheyenne River Health Center Housing Policy provides, in part:

9.  (d) Tenants may be required to vacate housing in the event of a violation of occupancy rules, including but not limited to:
    - Failure to pay rent or charges for damage to the unit/premises;
    - Knowingly allowing government or leased property to destroyed/damaged through misuse, neglect and theft, etc.;
    - Illegal use of drugs/underage consumption of alcohol on the premises;
    - The tenant was charged or arrested for a criminal offense in the housing unit/premises;
    - Termination of employment;
    - Failure of the employee to personally occupy the housing unit on a continuing basis;
    - Unauthorized pet or person living with the tenant;
    - Failure to allow official entry into unit/premises;
    - Violation of pet policy;
    - Unsanitary/Unsafe conditions;
    - Not abiding by the rental agreement for quarters;
    - Subleasing
    - Not abiding by the Cheyenne River Housing Center housing policy on care of quarters.

**A violation of any one of the above is sufficient grounds for termination of your lease.**

**You have violated your lease and the following policy provisions:**

According to the Quarters Assignment and Acceptance Agreement (Lease) you signed on January 24, 2018, you are to pay rent of $500.96 bi-weekly, payable through salary deductions. We have not received your rental payments since May 11, 2018. Your rent for May, June, and July, 2018, totaling $2504.80 is past due.



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
**INDIAN HEALTH SERVICE**
CHEYENNE RIVER HEALTH CENTER

You also owe back rent in the amount of $10,953.71, for the months of October 2017 to May 2018.   In October 2017, Manager Kaycee Rousseau informed you that to stay in the unit you were required to pay $50 per month on this accrued back rent.  We have not received these payments.

To live in federal housing, you must be currently employed at the Cheyenne River Health Center, by the Tribal Health Department or IHS.   Unless you immediately provide proof of your continued employment, rent will continue to accrue at the non-federal rate of $500.96 bi-weekly, beginning August 1, 2018, until you vacate.

There have also been multiple housing policy violations that occurred on June 2 and 3, 2017 and on August 3, 2017 that effect your eligibility for federal housing.  Multiple violations of noise complaints and an unattended fire pit on the nights of June 2nd and 3rd, 2017 are also grounds for termination. Another violation of the housing policy occurred on August 3, 2017 when a vehicle located at your residence caused damage to a Moreau Grand electrical pod. When Law Enforcement arrived and knocked on the door, the door was not answered although people could be seen looking out the window, which is failure to allow official entry.

**For these reasons your lease is being terminated**.  It is important that you sign your termination paperwork once your FINAL walk-thru is complete.  If not complete then we will assume your termination date by possession of the keys/remote of the quarter's unit and you will be responsible for any unpaid rent and additional days beyond your 30-day notice expiration date, which is **September 2, 2018.**   You are still responsible for your rental and utility payments until you vacate the housing unit.

**Failure to vacate will result in referral for legal action against you.**

If you have any questions please contact Kyle Ward at 964-0594 or by email kyle.ward@ihs.gov.

cc:     Charles Fischer, CRHC CEO
        Chester Bowman, CRHC Facility Manager
        Cecil Means, Tribal Health CEO

I certify that the above notice was:

_____ mailed, postage prepaid to Denise Casillas, Box ___, ▉▉▉▉▉ S.D. 57625
__X__ Personally hand-delivered by me to Denise Casillas, August _9_, 2018, at _3:25_ a.m.(p.m.)
_____ Personally posted by me on the door of IHS Quarters ▉▉▉▉▉, S.D. at
        _____ a.m. / p.m. on August 2, 2018.
_____ (other) _____

CASILLAS EXHIBIT 11



**DEPARTMENT OF HEALTH & HUMAN SERVICES**
**INDIAN HEALTH SERVICE**
CHEYENNE RIVER HEALTH CENTER

_____          8-2-18
Name of Person Serving Notice              Date

Witnessed By:
_____          8-2-18
                                           Date

Received by:
_____          8/2/18
Denise Casillas                            Date

_____
_____
_____
Forwarding Address

Witnessed by: Trenton Casillas 8/2/18


tashina o1@hotmail.com



**U.S. Department of Justice**

*Ronald A. Parsons, Jr.*
*United States Attorney*
*District of South Dakota*

| | | |
|---|---|---|
| *515 Ninth Street #201* | **Reply to:  PO Box 7240** | *PO Box 2638* |
| *Rapid City, SD 57701* | **Pierre, SD 57501** | *Sioux Falls, SD  57101-2638* |
| *605.342.7822* | **605.224.5402** | *605.330.4400* |
| *FAX: 605.342.1108* | **FAX: 605.224.8305** | *FAX: 605.330.4410* |

August 29, 2018

Denise Casillas                                    **CERTIFIED MAIL**

█████████████████

RE:  Unit ███████ – Cheyenne River Sioux Healthcare Center Housing

Dear Ms. Casillas:

The Department of Health and Human Services (HHS), Indian Health Services (IHS), has requested that we bring eviction proceedings in Federal District Court against you and all persons living with you.

As you know, your ability to remain in IHS housing was conditioned upon your continued employment at the Cheyenne River Healthcare Center (CRHC), timely payment of rent, and compliance with housing rules (policies and regulations). According to IHS, you are no longer employed at the CRCH, are not paying rent, owe over $10,000 in back rent, and have violated at least one housing rule.  Any one of these facts justifies eviction proceedings against you.

When a tenant has failed to give up the premises after being given notice to quit, a money judgment against the tenant for back rent in accordance with the lease or for double damages for the time of withholding in addition to the detriment occasioned thereby, prejudgment interest and attorneys' fees are permitted. *United States v. Ducheneaux*, Civ. No. 17-3027 (D.S.D. 2018).  Moreover, the United States is entitled to judgment for damages to the property occasioned by the tenants' unauthorized use, possession and refusal to peacefully vacate. *United States v. Vanderwalker*, Civ. No. 10-3008-RAL (D.S.D. 2010).

**This is your FINAL NOTICE to avoid litigation.  If you fail to voluntary exit the property and pay the rent that is due by September 2, 2018, we will proceed with filing a complaint in Federal Court.**  Any action in federal court will seek your immediate removal, back rent for the period of time where you occupied federal housing without paying rent, for double damages the government has incurred as a result of your failure to vacate, for any expenses necessary to return the leasehold to a habitable condition, including cleaning, repairs, and replacement expenses, plus interest and attorney fees.

Denise Casillas
August 29, 2018
Page 2

**Please let me know immediately if you will voluntarily vacate the property and pay the back rent owed.  If I do not hear by September 4, 2018, that you have moved out, we will proceed with formal legal process.** This is your final opportunity to vacate and avoid a large judgment against you.

I cannot give you legal advice on what your options are and what you should do. Nevertheless, you or your attorney may contact me with any questions about the proposed legal action and possible resolution short of litigation.  However, before you would be permitted to stay, you must present proof that you are currently employed at the Cheyenne River Health Center, and you must pay the back rent owed.  Keep in mind, that no settlement is final, unless approved by authorized officials.

Sincerely,

RONALD A. PARSONS, JR.
United States Attorney

*Cheryl S. DuPris*

Cheryl Schrempp DuPris
Assistant United States Attorney
Civil Senior Litigation Counsel


Cc:   James Cribari, OGC, Denver
      Kyle Ward, IHS, CRSU Housing Manager

# NOTICE TO QUIT AND VACATE

**TO:** **DENISE CASILLAS, KEENAN CASILLAS-BAKEBERG, TRENTON CASILLAS-BAKEBERG, AND ANY OTHER PARTY IN POSSESSION:**

The United States Department of Health and Human Services (HHS), Indian Health Service (IHS) hereby demands that you quit and vacate the following property:

████████████████ **Cheyenne River Healthcare Center Housing;**

**T-8897; Section 19, T.12 N, R.24 EBHM, Ziebach County, South Dakota.**

This property located near Eagle Butte, South Dakota, is held in trust, and leased to HHS, IHS. Housing and improvements placed upon the trust land remain the property of the United States. You are to quit possession and occupancy of the housing unit now occupied by you because you are no longer employed at the Cheyenne River Healthcare Center, have failed to pay rent and have no legal right to use or occupy this property. You were provided written notice that you had to vacate the property as of September 2, 2018. You unlawfully held over and remain in violation of law.

This **NOTICE TO QUIT AND VACATE** is hereby given in accordance with S.D.C.L. §§ 21-16-1 and 21-16-2. If you do not vacate the premises and remove your personal property within seven (7) days of service of this notice, a federal court action will be filed in federal district court and we will seek the assistance of the United States Marshal to obtain immediate possession of the premises. We will also seek accrued rent, damages, costs, and attorney fees as permitted by law.

RONALD A. PARSONS, JR.
United States Attorney

*Cheryl Schrempp DuPris*

Cheryl Schrempp DuPris
Assistant United States Attorney
P.O. Box 7240
Pierre, SD 57501
(605) 224-5402

U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN
See "Instructions for Service of Process by U.S. Marshal"

| PLAINTIFF United States of America | COURT CASE NUMBER N/A |
|---|---|
| DEFENDANT Denise Casillas, Keenan Casillas-Bakeberg, Trenton Casillas-Bakeberg, and others | TYPE OF PROCESS Serve Notice to Quit and Vacate |

| | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| SERVE AT | Denise Casillas, Keenan Casillas-Bakeberg, Trenton Casillas-Bakeberg, and/or any party in possession |
| | ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code) |

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| Cheryl Schrempp DuPris, Assistant U.S. Attorney U.S. Attorney's Office P.O. Box 7240 Pierre, SD 57501-7240 | Number of process to be served with this Form 285 | 1 |
| | Number of parties to be served in this case | 1 |
| | Check for service on U S A | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):

Denise Casillas, her adult children, and others are living in IHS housing. █████████████
Her mailing address is ████████████. Her email: ████████████
Kyle Ward, IHS Housing Manager can be reached at 605.964.0594 or 605.200.5086.

| Signature of Attorney other Originator requesting service on behalf of | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER (605) 224-5402 | DATE 9-4-18 |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY— DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated (Sign only for USM 285 if more than one USM 285 is submitted) | Total Process 1 | District of Origin No. 73 | District to Serve No. 73 | Signature of Authorized USMS Deputy or Clerk | Date 9-4-18 |
|---|---|---|---|---|---|

I hereby certify and return that I ☒ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc, at the address shown above on the on the individual, company, corporation, etc, shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Denise Casillas | |
| Address (complete only different than shown above) | Date 09/11/2018 | Time 12:15 ☐ am ☒ pm |
| | Signature of U S Marshal or Deputy |

| Service Fee 390.00 | Total Mileage Charges including endeavors) 95.92 | Forwarding Fee | Total Charges 485.92 | Advance Deposits | Amount owed to U S Marshal* or (Amount of Refund*) $0.00 |
|---|---|---|---|---|---|

REMARKS:
6 DUSM hrs @ #65
176 miles @ .545

| DISTRIBUTE TO: | 1 CLERK OF THE COURT 2 USMS RECORD 3 NOTICE OF SERVICE 4 BILLING STATEMENT* To be returned to the U S Marshal with payment, if any amount is owed Please remit promptly payable to U S Marshal 5 ACKNOWLEDGMENT OF RECEIPT | PRIOR EDITIONS MAY BE USED Form USM-285 Rev. 11/13 |
|---|---|---|

CASILLAS EXHIBIT 13

## SERVICE OF PROCESS COST WORKSHEET

Case # _N/A_____    [X] CIV   [] CRIM   [] GOVT   [] PRIVATE

Process Type _Notice to Quit and Vacate_____    Service: [X] Personal   [] Mailed   [] Forward

# of Endeavors_____1_____    [X] Returned Executed   [] Returned Unexecuted

Date Served _09/11/2018_       Time Served _1215_____    DUSM _Adam Shelton_____

**Service Fees During Duty Hours**
(round fractions of hours to the next whole hour)

Number of endeavors prior to service ___0___
Number of endeavor hours __0____    x    $65    = $_____

Service: 1st DUSM hours __3_    x    $65    = $ _195_
        2nd DUSM hours __3_    x    $65    = $ _195_

Forwarding fee @ $8.00             = $_____

TOTAL SERVICE FEES = $ _390_____

**Expenses**

|  | Parking | = $_____ |
| _176_ | Miles x .545 | = $ _95.92_ |
|  | Per Diem | = $_____ |
|  | Certified Mail | = $_____ |
| Other_____ |  | = $_____ |

TOTAL EXPENSES    = $ _95.92_____

**Commission on Sales** (minimum commission is $100, maximum commission is $50,000)

First $1000 or less x 3% (.03)      = $_____
Any Over $1000 x 1.5%, (.015), add to above      = $_____

TOTAL COMMISSION  = $ _0_____

TOTAL FEES FOR THIS SERVICE   = $ _485.92_

## ENDEAVORS (date and hours):

Denise Casillas
October 30, 2018
Page 2

<u>I cannot give you legal advice</u>.  Nevertheless, you or your attorney may contact me with any questions about the proposed legal action and possible resolution short of litigation.  Keep in mind, that no settlement is final, unless approved by authorized officials.

Sincerely,

RONALD A. PARSONS, JR.
United States Attorney

Cheryl S. DuPris

Cheryl Schrempp DuPris
Assistant United States Attorney
Civil Senior Litigation Counsel


Cc:    James Cribari, OGC, Denver
       Kyle Ward, IHS, CRSU Housing Manager

CASILLAS EXHIBIT 14

### D. Casillas Backrent

Unit ███████████████

### Termination date 2/16/2016

| | | | | |
|---|---|---|---|---|
| 2015 Federal bi-weekly/daily rate | | $300.53/$21.68 | | |
| 2016 Non-federal bi-weekly/daily rate | | $489.67/$22.61 | | |
| 2017 Non-federal biweekly/daily rate | | $507.49/$36.62 | | |
| 2017 Federal bi-weekly/daily rate | | $342.73/$29.35 | | |
| 2018 Non-federal biweekly/daily rate | | $500.96/$36.15 | | |

| Dates | Pay Period | Rent Due | Rent Collected | Total |
|---|---|---|---|---|
| 01/31/2016-02/13/2016 | 11 | $300.53 | $300.53 | $0.00 |
| 2/14/2016-02/27/2016 | 12 | $300.53 | $0.00 | $300.53 |
| 2/28/2016 | | $21.68 | $0.00 | $322.21 |
| 3/1/2016 | | $21.68 | $0.00 | $343.89 |
| 3/2/2016 | | $21.68 | $0.00 | $365.57 |
| 3/3/2016 | | $21.68 | $0.00 | $387.25 |
| 3/4/2016 | | $21.68 | $0.00 | $408.93 |
| 3/5/2016 | | $21.68 | $0.00 | $430.61 |
| 3/6/2016 | 13 | $22.61 | $0.00 | $453.22 |
| 3/7/2016 | | $22.61 | $0.00 | $475.83 |
| 3/8/2016 | | $22.61 | $0.00 | $498.44 |
| 3/9/2016 | | $22.61 | $0.00 | $521.05 |
| 3/10/2016 | | $22.61 | $0.00 | $543.66 |
| 3/11/2016 | | $22.61 | $0.00 | $566.27 |
| 3/12/2016 | | $22.61 | $0.00 | $588.88 |
| 03/13/2016-03/26/2016 | 14 | $313.38 | $0.00 | $902.26 |
| 03/27/2016-04/09/2016 | 15 | $313.38 | $0.00 | $1,215.64 |
| 04/10/2016-04/23/2016 | | $22.61 | $0.00 | $1,238.25 |
| 4/11/2016 | | $22.61 | $0.00 | $1,260.86 |
| 4/12/2016 | | $22.61 | $0.00 | $1,283.47 |
| 4/13/2016 | | $22.61 | $0.00 | $1,306.08 |
| 4/14/2016 | | $22.61 | $0.00 | $1,328.69 |
| 4/15/2016 | | $22.61 | $0.00 | $1,351.30 |
| 4/16/2016 | 16 | $22.61 | $0.00 | $1,373.91 |
| 4/17/2016 | | $22.61 | $0.00 | $1,396.52 |

CASILLAS EXHIBIT 14

| Date | | | | |
|---|---|---|---|---|
| 4/18/2016 | | $22.61 | $0.00 | $1,419.13 |
| 4/19/2016 | | $22.61 | $0.00 | $1,441.74 |
| 4/20/2016 | | $22.61 | $0.00 | $1,464.35 |
| 4/21/2106 | | $22.61 | $0.00 | $1,486.96 |
| 4/22/2016 | | $35.33 | $0.00 | $1,522.29 |
| 4/23/2016 | | $35.33 | $0.00 | $1,557.62 |
| 04/24/2016-05/07/2016 | 17 | $489.67 | $0.00 | $2,047.29 |
| 05/08/2016-05/21/2016 | 18 | $489.67 | $0.00 | $2,536.96 |
| 05/22/2016-06/04/2016 | 19 | $489.67 | $0.00 | $3,026.63 |
| 06/05/2016-06/18/2016 | 20 | $489.67 | $0.00 | $3,516.30 |
| 06/19/2016-07/02/2016 | 21 | | $2,404.32 | $1,111.98 |
| 07/03/2016-07/16/2016 | 22 | $489.67 | $0.00 | $1,601.65 |
| 07/17/2016-07/30/2016 | 23 | $489.67 | $0.00 | $2,091.32 |
| 07/31-2016-08/13/2016 | 24 | $489.67 | $0.00 | $2,580.99 |
| 08/14/2016-08/27/2016 | 25 | $489.67 | $0.00 | $3,070.66 |
| 08/28/2016-09/10/2016 | 26 | $489.67 | $0.00 | $3,560.33 |
| 09/11/2016-09/24/2016 | 27 | $489.67 | $0.00 | $4,050.00 |
| 09/25/2016-10/08/2016 | 1 | $489.67 | $0.00 | $4,539.67 |
| 10/09/2016-10/22/2016 | 2 | $489.67 | $0.00 | $5,029.34 |
| 10/23/2016-11/05/2016 | 3 | $489.67 | $0.00 | $5,519.01 |
| 11/06/2016-11/19/2016 | 4 | $489.67 | $0.00 | $6,008.68 |
| 11/20/2016-12/03/2016 | 5 | $489.67 | $0.00 | $6,498.35 |
| 12/04/2016-12/17/2016 | 5 | $489.67 | $0.00 | $6,988.02 |
| 12/18/2016-12/31/2016 | 6 | $489.67 | $0.00 | $7,477.69 |
| 01/01/2017-01/14/2017 | 7 | $489.67 | $0.00 | $7,967.36 |
| 01/15/2017-01/28/2017 | 8 | $489.67 | $0.00 | $8,457.03 |
| 01/29/2017-02/11/2017 | 10 | $489.67 | $0.00 | $8,946.70 |
| 02/12/2017-02/25/2017 | 11 | $489.67 | $0.00 | $9,436.37 |
| 2/26/2017 | | $35.33 | $0.00 | $9,471.70 |
| 2/27/2017 | | $35.33 | $0.00 | $9,507.03 |
| 2/28/2017 | | $35.33 | $0.00 | $9,542.36 |
| 3/1/2017 | | $35.33 | $0.00 | $9,577.69 |
| 3/2/2017 | | $35.33 | $0.00 | $9,613.02 |
| 3/3/2017 | | $35.33 | $0.00 | $9,648.35 |
| 3/4/2017 | 12 | $35.33 | $0.00 | $9,683.68 |

CASILLAS EXHIBIT 14

| | | | | |
|---|---|---|---|---|
| 3/5/2017 | | $35.33 | $0.00 | $9,719.01 |
| 3/6/2017 | | $36.62 | $0.00 | $9,755.63 |
| 3/7/2017 | | $36.62 | $0.00 | $9,792.25 |
| 3/8/2017 | | $36.62 | $0.00 | $9,828.87 |
| 3/9/2017 | | $36.62 | $0.00 | $9,865.49 |
| 3/10/2017 | | $36.62 | $0.00 | $9,902.11 |
| 3/11/2017 | | $36.62 | $0.00 | $9,938.73 |
| 3/12/2017-3/25/2017 | 13 | $507.49 | $0.00 | $10,446.22 |
| 3/26/2017-4/08/2017 | 14 | $507.49 | $0.00 | $10,953.71 |
| 4/9/2017-4/22/2017 | 15 | $342.73 | $342.73 | $10,953.71 |
| 4/23/2017-5/6/2017 | 16 | $342.73 | $342.73 | $10,953.71 |
| 05/7/2017-5/20/2017 | 17 | $342.73 | $342.73 | $10,953.71 |
| 05/21/2017-6/03/2017 | 18 | $342.73 | $342.73 | $10,953.71 |
| 06/04/2017-6/17/2017 | 19 | $342.73 | $342.73 | $10,953.71 |
| 6/18/2017-7/1/2017 | 20 | $342.73 | $342.73 | $10,953.71 |
| 07/02/2017-07/15/2017 | 21 | $342.73 | $342.73 | $10,953.71 |
| 07/16/2017-07/29/2017 | 22 | $342.73 | $342.73 | $10,953.71 |
| 7/30/17-8/12/2017 | 23 | $342.73 | $342.73 | $10,953.71 |
| 8/13/17-8/26/17 | 24 | $342.73 | $342.73 | $10,953.71 |
| 8/27/17-9/9/17 | 25 | $342.73 | $342.73 | $10,953.71 |
| 9/10/17-9/23/17 | 26 | $342.73 | $342.73 | $10,953.71 |
| 9/24/17-10/7/17 | 1 | $342.73 | $342.73 | $10,953.71 |
| 10/8/2017-10/21/2017 | 2 | $342.73 | $342.73 | $10,953.71 |
| 10/22/2017-11/04/2017 | 3 | $342.73 | $342.73 | $10,953.71 |
| 11/05/2017-11/18/2017 | 4 | $342.73 | $342.73 | $10,953.71 |
| 11/19/2017-12/02/2017 | 5 | $342.73 | $342.73 | $10,953.71 |
| 12/03/2017-12/16/2017 | 6 | $342.73 | $342.73 | $10,953.71 |
| 12/17/2017-12/30/2017 | 7 | $342.73 | $342.73 | $10,953.71 |
| 12/31/2017-1/13/2018 | 8 | $342.73 | $0.00 | $11,296.44 |
| 1/14/2018-1/27/2018 | 9 | $342.73 | $342.73 | $11,296.44 |
| 1/28/2018-2/10/2018 | 10 | $342.73 | $0.00 | $11,639.17 |
| 2/11/2018-2/24/2018 | 11 | $342.73 | $685.46 | $11,296.44 |
| 2/25/2018-3/10/2018 | 12 | $342.73 | $342.73 | $11,296.44 |
| 3/11/2018-3/24/2018 | 13 | $342.73 | $342.73 | $11,296.44 |
| 3/25/2018-4/07/2018 | 14 | $342.73 | $342.73 | $11,296.44 |
| 4/08/2018-4/21/2018 | 15 | $342.73 | $0.00 | $11,981.90 |

CASILLAS EXHIBIT 14

| | | | | |
|---|---|---|---|---|
| 4/22/2018-5/05/2018 | 16 | $342.73 | $342.73 | $11,981.90 |
| 5/06/2018-5/19/2018 | 17 | $342.73 | $0.00 | $12,324.63 |
| 5/20/2018-6/02/2018 | 18 | $342.73 | $0.00 | $12,667.36 |
| 6/03/2018-6/16/2018 | 19 | $500.96 | $0.00 | $13,168.32 |
| 6/17/2018-6/30/2018 | 20 | $500.96 | $0.00 | $13,669.28 |
| 7/01/2018-7/14/2018 | 21 | $500.96 | $0.00 | $14,170.24 |
| 7/15/2018-7/28/2018 | 22 | $500.96 | $0.00 | $14,671.20 |
| 7/29/2018-8/11/2018 | 23 | $500.96 | $0.00 | $15,172.16 |
| 8/12/2018-8/25/2018 | 24 | $500.96 | $0.00 | $15,673.12 |
| 8/26/2018-9/08/2018 | 25 | $500.96 | $0.00 | $16,174.08 |
| 9/09/2018-9/22/2018 | 26 | $500.96 | $0.00 | $16,675.04 |

CASILLAS EXHIBIT 14